65100/1140Lit-4772

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES T. SULLIVAN, etc., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | No. 08 C 1772 |
| | ) | |
| v. | ) | Judge Kocoras |
| | ) | |
| CAPITOL PLUMBING, INC. and CAPITOL PLUMBING SYSTEMS, INC., | ) ) | Magistrate Judge Brown |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CAPITOL PLUMBING SYSTEMS, INC., | ) | |
| | ) | |
| Citation Respondent. | ) | |

**MOTION FOR ORDER OF CONTEMPT AND FOR
ENTRY OF JUDGMENT AGAINST JEAN M. MITCHELL**

NOW COME Plaintiffs, JAMES T. SULLIVAN, etc., et al., by their attorneys, DOUGLAS A. LINDSAY, JOHN W. LOSEMAN, and BRIAN T. BEDINGHAUS, with LEWIS, OVERBECK & FURMAN, LLP, of counsel, and move this Court pursuant to Fed.R.Civ.P. 69(a), Illinois Supreme Court Rule 277(h), and 735 ILCS 5/2-1402(f)(1) to issue an Order (a) holding JEAN M. MITCHELL ("Jean"), president of Citation Respondent, CAPITOL PLUMBING SYSTEMS, INC. ("CPSI"), in civil contempt and (b) entering judgment in favor of Plaintiffs and against Jean in the amount of $79,010.80. In support hereof, Plaintiffs state:

1. Judgment was entered in this cause on March 4, 2009, in favor of Plaintiffs and against Defendants, CPSI and CAPITOL PLUMBING, INC., jointly and severally, in the amount of $179,452.09.

1

2. Plaintiffs served CPSI with a Citation to Discover Assets ("Citation") on June 27, 2009. True and correct copies of the Citation and completed Affidavit of Service are attached hereto as Exhibit A.

3. Citation required production of certain documents on or before July 23, 2009, and appearance by Jean at Plaintiffs' attorneys' office for examination on July 30, 2009. See Exhibit A.

4. CPSI did not produce any documents, and on July 29, 2009, Plaintiffs' attorney, Brian T. Bedinghaus, received a voicemail message from Tom A. Mitchell, the husband of Jean, stating that Jean needed reschedule the July 30, 2009, citation exam.

5. Also on July 29, 2009, Plaintiffs' attorneys received a letter from CAPITOL PLUMBING, INC.'s attorney, Mike Duffee, requesting that judgment enforcement be suspended while Defendants paid Plaintiffs $5,000.00 per month for one year. A true and correct copy of Duffee's July 29, 2009, letter is attached hereto as Exhibit B.

6. Plaintiffs' accepted Defendants' offer, but CPSI's first payment check was returned by CPSI's bank, J.P. Morgan Chase ("Chase"), for insufficient funds.

7. On October 9, 2009, Plaintiffs served a Citation to Discover Assets (Third Party) on Chase. Chase filed its's Citation Answer on October 13, 2009, revealing a negative balance in CPSI's checking account. A true and correct copy of Chase's Citation Answer is Document 44 on the electronic docket.

8. On October 22, 2009, Plaintiffs' attorneys sent Jean a letter requesting copies of all documents listed in the Citation by October 30, 2009. A true and correct copy of the October 22, 2009, letter is attached hereto as Exhibit C.

9. On October 29, 2009, Mike Duffee, apparently now representing CPSI and Jean,

called Plaintiffs' attorneys and requested an additional two weeks for CPSI to produce the requested documents.

10. During the month of November, Plaintiffs' attorneys received some but not all of the documents requested from CPSI.

11. On December 1, 2009, Plaintiffs' attorneys sent Mike Duffee a letter requesting that CPSI produce by December 11, 2009, the remaining documents or an affidavit from Jean stating that the documents either do not exist or are not in her possession or control. A true and correct copy of the December 1, 2009, letter to Mike Duffee is attached hereto as Exhibit D.

12. On December 18, 2009, Plaintiffs filed a Motion for Rule to Show Cause against Jean, as president of CPSI, for causing CPSI's failure to respond to the Citation to Discover Assets.

13. On December 24, 2009, Plaintffs' attorneys received the remaining documents requested by the Citation to Discover Assets.

14. The documents provided by CPSI in response to the Citation reveal that CPSI transferred $79,010.80 from its Chase checking account after the date CPSI was served with the Citation. True and correct copies of the Chase checking account statements provided by CPSI for the period from July 1, 2009, through September 30, 2009, are attached hereto as Exhibit E.

15. The following summarizes the transfers made by CPSI was served with the Citation on June 26, 2009:

| Month | Checks paid | ATM and Debit Card Withdrawals | Other Withdrawals (Detail) |
|---|---|---|---|
| 6-2009 | None | None | None |

3

| | | | |
|---|---|---|---|
| 7-2009 | $22,197.00 | $8,299.39 | • $150.00 (7-23-09 AT&T payment)<br>• $125.26 (7-24-09 Shopdeluxe) |
| 8-2009 | $8,502.25 | $3,977.87 | None |
| 9-2009 | $28,100.00 | $6,975.90 | • $246.66 (9-18-09 AT&T payment)<br>• $436.47 (9-21-09 Sprint ACH payment) |
| 10-2009 | Unknown | Unknown | Unknown |
| **TOTAL:** | **$58,799.25** | **$19,253.16** | **$958.39** |

16. Illinois Supreme Court Rule 277(h) provides that "[a]ny person who fails to obey a citation . . . may be punished for contempt."

17. 735 ILCS 5/2-1402(f)(1) provides in relevant part:

The citation may prohibit the party to whom it is directed from making or allowing any transfer or other disposition or, or interfering with, any property not exempt from the enforcement of a judgment therefrom . . . belonging to the judgment debtor or to which he or she may be entitled to which may thereafter be acquired by or become due to him or her . . . The court may punish any party who violates the restraining provision of a citation as and for a contempt, or if the party is a third party may enter judgment against him or her in the amount of the unpaid portion of the judgment and costs allowable under this Section, or in the amount of the value of the property transferred, whichever is lesser.

735 ILCS 5/2-1402(f)(1).

18. The president of a corporation who transfers or permits the transfer of corporate assets in violation of the prohibitions of a citation to discover assets is personally liable for the transfers. *Divane v. Sundstrand Electric Co., Inc.*, No. 03 C 5728, 2004 WL 1323287 at *2 (N.D.Ill. June 14, 2004) (citing *City of Chicago v. Air Auto Leasing Co.*, 297 Ill. App. 3d 873

4

(1988)); see also *Laborers' Pension Fund v. Dominic Jr., Inc.*, No. 02 C 3321, 2003 WL 21310282 * 2-4 (N.D.Ill. June 5, 2003).

19. Jean appeared at the offices of Plaintiffs' attorneys for her citation examination on January 25, 2010, and testified that she was president and sole shareholder of CPSI at all times. See Citation Exam Transcript, pp. 9, 15-17, Exhibit F (cited pages only).

20. Jean violated the restraining provisions of the Citation by transferring and permitting the transfer of $79,010.80 from the Chase checking account of CPSI after the date CPSI was served with the Citation. See Exhibit E.

21. Plaintiffs request (a) that Jean be held in civil contempt for violating the Citation restraining provisions and (b) that judgment be entered against Jean in the amount of the illegal transfers.

WHEREFORE, Plaintiffs, JAMES T. SULLIVAN, etc., et al., request the Court to issue an Order:

(a) holding JEAN M. MITCHELL in civil contempt;

(b) entering judgment in favor of Plaintiffs and against JEAN M. MITCHELL in the amount of $79,010.80; and

(c) awarding additional relief in favor of Plaintiffs and against JEAN M. MITCHELL and Defendants as the Court deems appropriate.

JAMES T. SULLIVAN, etc., et al., by their attorneys, DOUGLAS A. LINDSAY, JOHN W. LOSEMAN, and BRIAN T. BEDINGHAUS


By: /s/ Brian T. Bedinghaus
    Brian T. Bedinghaus
    20 N. Clark Street
    Suite 3200
    Chicago, IL 60602-5093
    (312) 580-1269


(312) 580-1200
OF COUNSEL:
LEWIS, OVERBECK & FURMAN, LLP
20 N. Clark Street
Suite 3200
Chicago, IL 60602-5093
65100/1140BTB145756

CERTIFICATE OF SERVICE

I served copies of the foregoing MOTION FOR ORDER OF CONTEMPT AND FOR ENTRY OF JUDGMENT AGAINST JEAN M. MITCHELL upon:

Michael W. Duffee
Ford & Harrison LLP
55 East Monroe, Suite 2900
Chicago, IL 60603

Jean Mitchell
Capitol Plumbing Systems, Inc.
764 Sojourn Road
New Lenox, IL 60451

by placing true and correct copies thereof in sealed envelopes addressed as aforesaid, with postage prepaid, and depositing same in the United States Mail Box at 20 North Clark Street, Suite 3200, Chicago, Illinois on March 4, 2010, before 4:30 p.m.

In accordance with 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 4, 2010

_____
ROBERT C. PARIZEK

LEWIS, OVERBECK & FURMAN, LLP
20 North Clark Street
Suite 3200
Chicago, IL 60602-5093
312.580.1200